UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, *on her own behalf and on behalf of a class of those similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   1:09-cv-0842-WTL-TAB ) |
| THE INDIVIDUAL MEMBERS OF THE INDIANA STATE BOARD OF LAW EXAMINERS, *in their official capacities*, | ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED BY ANONYMOUS NAME
AND MOTION TO SEAL AFFIDAVIT CONTAINING ACTUAL NAME**

Plaintiff is an attorney admitted to practice law in Illinois who wants to sit for the Indiana bar exam. Plaintiff claims that the Indiana State Board of Law Examiners (the "Board") is violating the Americans with Disabilities Act by subjecting bar applicants with psychological disorders "to elevated questioning and requirements" about their mental health history. [Docket No. 8 at 1.] Plaintiff has filed a motion to proceed by anonymous name and to seal an affidavit containing her actual name because she fears that she will suffer injury and become stigmatized if her mental health history becomes publicized. [Docket No. 8 at 1.] For the reasons below, Plaintiff's motion [Docket No. 7] is denied.[1]

In the Seventh Circuit, "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from

---

[1] Although the Court granted Defendants' motion for an extension of time to respond to Plaintiff's motion to proceed under an anonymous name [Docket No. 13] and Defendants have not yet responded, the Court need not wait for Defendants' response to deny Plaintiff's motion.

the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). "[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id*. "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The six-factor test utilized in *John Does I-IV v. City of Indianapolis*, 1:06-cv-865-RLY-WTL, 2006 WL 2289187, *1-2 (S.D. Ind. Aug. 7, 2006) is helpful in balancing a plaintiff's interest in anonymity against the public's interest in disclosure:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Id.* (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)); *see also Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996) (applying nearly identical five-factor test). Ultimately, discretion lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

Turning to the first factor, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *City of Indianapolis*, 2006 WL 2289187 at *2 (quoting *N.Y. Blood Ctr*, 213 F.R.D. at 111). Plaintiff is challenging the Board's elevated questioning of bar applicants with a history of mental health problems. The Indiana Supreme Court, of which the

Board is a statutorily created extension, has "exclusive jurisdiction to admit attorneys to practice in Indiana." Ind. Admis. Disc. R. (3); *see also* Ind. Admis. Disc. R. (9). Thus, Plaintiff is challenging government activity rather than private activity, which cuts in her favor.

       The second factor is whether the action requires Plaintiff to disclose information of the utmost intimacy. If Plaintiff is required to proceed by name, the public will learn that she was diagnosed in the past with anxiety disorder and post-traumatic stress disorder. [Docket No. 8 at 4.] In *Indiana Black Expo*, the court did not allow a plaintiff to proceed anonymously where he had "a history of substance abuse and mental health hospitalization." 923 F. Supp. 137 at 140. In *Blue Cross*, the Seventh Circuit stated that obsessive-compulsive disorder is "a common enough disorder . . . and not such a badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identity of a party to a federal suit." *Blue Cross*, 112 F.3d at 872.

       In the case at bar, anxiety disorder and post-traumatic stress disorder, like obsessive-compulsive disorder, are common disorders. "Mental illness and mental problems are common in our society." *Simmons v. Lockhart*, 709 F. Supp. 1457, 1459 (E.D. Ark. 1989), *aff'd on reh'g*, 915 F.2d 372. In fact, about half of all Americans will meet the criteria to be diagnosed with a mental disorder at some point in their lifetime. Ronald C. Kessler et al., *Lifetime Prevalence and Age-of-Onset Distributions of* DSM-IV *Disorders in the National Comorbidity Survey Replication,* 62 ARCHIVES GEN. PSYCHIATRY 593 (2005). In short, the information that Plaintiff attempts to hide from the public is something relatively common in our society. To hold otherwise is "to propagate the view that mental illness is shameful." *Blue Cross*, 112 F.3d at 872. Thus, Plaintiff's action does not require her to disclose information that—objectively

speaking—is of the utmost intimacy.  While disclosing Plaintiff's name might result in disclosure of sensitive information, this possibility is not sufficient to tip the second factor in her favor.  Litigants often must disclose sensitive information as a case progresses.  This Court's docket is replete with ADA, ERISA, and other cases in which Plaintiffs assert mental or other disabilities.  Sensitive disclosures about non-parties are even sometimes required, such as a comparator employee in an ADA case.  Such disclosures are common in the sometimes gritty world of litigation, and this reality undermines Plaintiff's request here to proceed anonymously.

Turning to the third factor, the action "does not involve her admission or intention to engage in illegal conduct risking criminal prosecution."  *Noe v. Carlos*, No. 2:08 CV 227, 2008 WL 5070463 at *3 (N.D. Ind. Nov. 26, 2008).  Thus, this factor supports public disclosure.

As for the fourth factor, Plaintiff fears disclosure of her psychological disorders will cause injury.  Plaintiff states that "[i]n the past a former employer used [m]y mental history as justification for urging me to leave employment."  [Docket No. 7, Ex. 1 at ¶ 7a.]  Plaintiff further states that "[f]ormer co-workers, and fellow attorneys, have searched the internet for information concerning my mental health history and then shared it with others to my detriment."  [Docket No. 7, Ex. 1 at ¶ 7b.]  Plaintiff also states that "I think it is quite likely that potential employers and clients will not hire me if my mental health history is publicized."  [Docket No. 7, Ex. 1 at ¶ 7d]

Threat of physical injury is often present when litigants are allowed to proceed anonymously.  *See Ind. Black Expo*, 923 F. Supp. at 142 (disallowing the plaintiff from proceeding anonymously where "[t]here is no issue here of physical safety or retaliation"); *Carlos*, 2008 WL 5070463 at *3 (disallowing the plaintiff from proceeding anonymously where

she "[was] under no threat of physical injury based upon the facts of this case."); *City of Indianapolis*, 2006 WL 2289187 at *2 (allowing the plaintiff to proceed anonymously where "Plaintiffs submitted affidavits attesting to their fear of physical harm to them and their children if their actual names are disclosed"). *But see Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) ("[A] risk of stigmatization is possible if Plaintiff comes out as a bipolar sufferer both in Plaintiff's community and in his career. There is also a risk of stigmatization in Plaintiff's professional life as a lawyer."). Plaintiff makes no claim that disclosure of her name will result in a threat of physical injury.

      The fact that former co-workers or fellow attorneys may have searched the internet to learn Plaintiff's mental health history and used this information to Plaintiff's detriment does not mean Plaintiff must be allowed to proceed anonymously. Rather, this demonstrates that mental health information regarding the Plaintiff that she considers sensitive already is available in the public domain. Permitting Plaintiff to proceed anonymously will not alter the apparent accessibility of this information.

      In a factually similar case arising out the Northern District of Indiana, *Noe v. Carlos*, the court found a plaintiff's fear that "public access to [her] personal health information . . . would harm [her] reputation among colleagues and jeopardize her career advancement" as an insufficient basis for proceeding anonymously. No. 2:08 CV 227, 2008 WL 4411558 at *1 (N.D. Ind. Sept. 25, 2008). Likewise, in the case at bar Plaintiff fears she will face public ridicule and have trouble getting hired in the future. Ultimately, under no threat of physical injury, "the type of injury that [Plaintiff] may suffer, including embarrassment and ridicule, does not rise to the level of injury which weighs in favor of anonymity." *Carlos*, 2008 WL

5

5070463 at *3.

As for the fifth factor, Plaintiff has agreed to disclose her identity to those that need to know it for purposes of this litigation. [Docket No. 8 at 6-7.] Presumably Defendants will not be prejudiced if she proceeds anonymously.

Turning to the sixth factor, there is a strong presumption in the Seventh Circuit in favor of conducting litigation in the public record. *U.S. v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 545-47 (7th Cir. 2002)*; Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000); *Coe v. County of Cook*, 162 F.3d 491, 498 (7th Cir.1998)*; Blue Cross*, 112 F.3d at 872; *K.F.P.*, 110 F.3d at 519; *Indiana Black Expo*, 923 F. Supp. at 139. In the case at bar, the public's interest in disclosure is somewhat weakened because Plaintiff's case presents a pure issue of law and she has filed a motion to certify class. Given the purely legal nature of the issues presented, "there is an atypically weak public interest in knowing the litigant's identities." *City of Indianapolis*, 2006 WL 2289187 at *3 (quoting *Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997)). Furthermore, in a class action lawsuit, "[t]he public interest is not in being able to identify any one Plaintiff, but in being able to follow the case to determine how the . . . issues are resolved." *Id.*[2]

Despite these mitigating factors, the presumption in favor of public proceedings remains strong. Most important, the Seventh Circuit has repeatedly expressed disapproval of anonymous litigants. *City of Chicago*, 360 F.3d at 669-70; *County of Cook*, 162 F.3d at 498;

---

[2] Furthermore, at this point in the litigation Plaintiff's lawsuit presents only a proposed class. If Plaintiff does not want her identity known to the public, presumably someone else could represent the class.

*Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997); *Blue Cross*, 112 F.3d at 872. This factor counsels strongly against Plaintiff's request to proceed anonymously.

At bottom, this is a close case, but Plaintiff has not demonstrated exceptional circumstances justifying proceeding anonymously. At the end of the day, "[j]udicial proceedings are supposed to be open . . . in order to enable proceedings to be monitored by the public." *City of Chicago*, 360 F.3d at 669. "When [litigants] call on the court, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Leavell*, 220 F.3d at 568. Given all of these considerations, Plaintiff's motion to proceed under an anonymous name and to seal affidavit containing actual name [Docket No. 7] is denied. Plaintiff shall file an amended complaint within 14 days that identifies her by name.[3]

Dated: 08/08/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] If there is a specific part of Plaintiff's psychiatric records "that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal," if determined to be an appropriate course of action at that time. *Blue Cross*, 112 F.3d at 872. However, the Court does not ascertain a need to allow litigants with mental health issues a blanket exception to the general rule that federal litigation is conducted in the public record.

Copies to:

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org