UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-842-WTL-JMS |
| ) | |
| THE INDIVIDUAL MEMBERS OF THE ) | |
| INDIANA STATE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

The parties are before the Court on Defendants' Motion to Dismiss the Plaintiffs' Complaint (Docket No. 27). After the Defendants filed their Motion to Dismiss, the Plaintiffs filed an Amended Complaint (Docket No. 38), which did nothing to alter the issues raised in the Motion to Dismiss. Accordingly, the Court shall treat the Motion to Dismiss as affecting the Amended Complaint. The motion is fully briefed, and the Court being duly advised, **DENIES** the Defendants' motion for the reasons stated herein.

**I. LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(1), "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the district court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). Where a factual dispute regarding jurisdiction is raised, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the

issue to determine whether in fact subject matter jurisdiction exists." *Id.* Absent a factual dispute regarding jurisdiction, the district court applies the same standard as is used when reviewing a motion to dismiss under Rule 12(b)(6).[1] Under this standard the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. Under Rule 12(b)(6), the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.  BACKGROUND

The Indiana Bar application ("Application") requests extensive information from applicants about their character and fitness to practice law. Part of the Application requires applicants to disclose information about their mental and physical health. Applicants who answer "yes" in response to any question about their mental or physical health must provide information about treatment they have received. The Application also contains a release form that authorizes the disclosure of medical records or other information to the Board of Law Examiners ("BLE").

Jane Doe is a member of the Illinois Bar who intends to sit for the Indiana Bar Exam. She was previously diagnosed with a mental illness and has received treatment for this illness. It is undisputed that Doe's mental illness has not prevented her from functioning at a high level

---

[1] In the instant case there is no factual dispute regarding jurisdiction. Accordingly, the Court shall apply the Rule 12(b)(6) standard.

either in law school or in practice in Illinois.  In 2008, Doe applied to take the February Bar Exam in Indiana.  Doe truthfully disclosed her history of mental illness.  As a result, the BLE referred Doe to the Judges and Lawyers Assistance Program, for a mental health review.  The BLE also requested that Doe submit medical records related to her past mental health treatment.  Instead of consenting to this review and providing the requested information, Doe withdrew her application.  Doe, along with the American Civil Liberties Union of Indiana – Indiana University School of Law – Indianapolis Chapter, filed this suit, which seeks to prevent the BLE from inquiring about their mental health.  Specifically, the Plaintiffs seek a declaratory judgment that the BLE has violated the Americans with Disabilities Act ("ADA") and an injunction preventing the BLE from asking the Plaintiffs about their mental health diagnoses or treatment.

### III.  DISCUSSION

In their brief the Defendants raise three arguments in favor of dismissal for lack of jurisdiction: (1) Eleventh Amendment Immunity; (2) the *Younger* Abstention Doctrine; and (3) the *Rooker-Feldman* Doctrine.

The Defendants' latter two arguments – under the *Younger* Doctrine and the *Rooker-Feldman* Doctrine – are not convincing.  The gist of the *Younger* Doctrine is that federal courts are forbidden from staying or enjoining pending state court proceedings except in special circumstances.  *Younger v. Harris*, 401 U.S. 37, 41 (1971).  The *Younger* Doctrine does not apply to the instant case because there is no pending state court proceeding.  The Plaintiffs have not yet submitted applications to sit for the Indiana Bar Exam, accordingly, there is nothing pending in state court to trigger the *Younger* Abstention Doctrine.

The Defendants' argument under the *Rooker-Feldman* Doctrine is also not persuasive.

The *Rooker-Feldman* "doctrine derives from two Supreme Court cases . . . and provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions." *Edwards v. Illinois Board of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001). The *Rooker-Feldman* Doctrine does not apply to the instant case because there is no state court civil decision under review. There is nothing pending before the BLE and there has been no state court judgment entered.

The Defendants' most convincing argument is under the Eleventh Amendment, which states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Thus, the Eleventh Amendment "shields States from suit in federal court without their consent." *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994). Congress may abrogate a State's Eleventh Amendment immunity if it: (1) unequivocally expresses its intent to abrogate that immunity and (2) acts pursuant to a valid grant of constitutional authority. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004).

Although the ADA purports to abrogate a State's Eleventh Amendment immunity, *see* 42 U.S.C. § 12202 (2006), the Supreme Court has held that Congress did not validly abrogate the States' sovereign immunity, and thus, private individuals cannot recover money damages from a State for violation of Title I of the ADA. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 360, 374 n.9 (2001). However, following *Garrett*, private individuals can still bring suit for injunctive relief under Title I of the ADA. *See id.* at 374 n.9.

The Plaintiffs in the instant case bring suit under Title II of the ADA. *Garrett* did not address whether plaintiffs can sue for prospective relief under Title II of the ADA. However, a

Seventh Circuit opinion, *Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003), states that "*Ex Parte Young*, authorizes, not withstanding the Eleventh Amendment, suits for prospective injunctive relief against state officials who . . . are sued in their official capacity." Because the Plaintiffs in this case have sued the members of the BLE in their official capacity, and because the Plaintiffs seek only prospective injunctive relief, they have stated a valid claim. Accordingly, the Defendants Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket No. 27) is **DENIED**.

SO ORDERED:  12/08/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Donald G. Banta
Indiana Office of the Attorney General
donald.banta@atg.in.gov

Laura Lee Bowker
Office of the Indiana Attorney General
laura.bowker@atg.in.gov

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org