UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-842-WTL-JMS |
| ) | |
| THE INDIVIDUAL MEMBERS OF THE ) | |
| INDIANA STATE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON OBJECTION TO MAGISTRATE'S ORDER

Before the Court is Plaintiff Jane Doe's Objection to the Magistrate Judge's Order and Motion to Review and Reverse the Magistrate Judge's Decision (Docket No. 22). Doe argues that the Magistrate Judge's August 8, 2009, Order denying her Motion to Proceed Anonymously was clearly erroneous and contrary to law. The motion is fully briefed, and the Court, being duly advised, **DENIES** the Plaintiff's motion for the reasons set forth below.

### I.  RULE 72(a) STANDARD

"The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Rule 72(a) permits a party to "serve and file objections to the [magistrate judge's] order within 10 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* This clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."

*Weeks*, 126 F.3d at 943.  This is an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion.  *See Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

## II.  BACKGROUND

On July 7, 2009, Doe filed a motion to proceed by pseudonym in this litigation.  The Defendants' response to the motion was due by August 28, 2009.  However, on August 8, before the Defendants' response was filed, the Magistrate Judge denied Doe's motion to proceed anonymously and ordered her to file an amended complaint that identified her by name.  Instead, Doe filed this objection to the Magistrate Judge's order.

The facts underlying this litigation are relatively straightforward.  Doe is an attorney admitted to practice in Illinois who wishes to sit for the Indiana bar exam.  She was previously diagnosed with anxiety disorder and post-traumatic stress disorder and she would have to disclose this fact on the Indiana bar exam application.  Doe claims that through this disclosure requirement, the Indiana Board of Law Examiners ("Board") is violating the Americans with Disabilities Act by subjecting applicants with certain mental disorders to heightened questioning on the bar application.

## III.  DISCUSSION

Doe claims that the Magistrate Judge misapplied the six factor test set out in *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003), and applied by the Southern District of Indiana in *Does v. City of Indianapolis*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187 at *2 (S.D. Ind. Aug. 7. 2006).  The *Does* test considers:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the

>utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Id.* (citing *EW*, 213 F.R.D. at 111).

The Magistrate Judge determined that the first factor cut in Doe's favor as she is challenging governmental activity. The second and third factors favored public disclosure and weighed against allowing Doe to proceed anonymously. The fourth factor also went against Doe, as the Magistrate Judge found that she did not face any threat of physical injury if her identity were made public. The Magistrate Judge noted that "mental health information regarding the Plaintiff . . . is already available in the public domain" and the fact that Doe may suffer stigmatization, embarrassment, and ridicule did not "'rise to the level of injury which weighs in favor of anonymity.'" Order at 5 (quoting *Noe v. Carlos*, No. 2:08 cv 227, 2008 WL 4411558 at *1 (N.D. Ind. Sept. 25, 2008)). The fifth factor went in Doe's favor, as presumably the Defendants would not be prejudiced if she proceeded anonymously. Finally, the sixth factor favored Doe, as this class action suit presents a purely legal issue. After considering all six factors, the Magistrate Judge noted the Seventh Circuit's disapproval of anonymous litigants and the presumption in favor of public proceedings, and ruled against Doe.

Doe objects to the Magistrate Judge's decision as to factors one and four. Her argument is essentially that the Magistrate Judge did not give enough weight to her interest in remaining anonymous. She claims that remaining anonymous will allow her to avoid embarrassment and stigmatization, and that her interest in anonymity is far greater than any "presumption in favor of public proceedings." Order at 6. While the Court agrees that this is certainly a close case, the

Court cannot find that the Magistrate Judge's order was clearly erroneous or contrary to law.

## **CONCLUSION**

For the foregoing reasons, Doe's Motion to Review and Reverse the Magistrate Judge's Decision (Docket No. 22) is **DENIED**. Within **14 days** of this entry Doe shall file an amended complaint that identifies her by name.

SO ORDERED:   01/04/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Darren Andrew Craig
Frost Brown Todd LLC
dcraig@fbtlaw.com

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

Anthony W. Overholt
Frost Brown Todd LLC
aoverholt@fbtlaw.com