UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA PERDUE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-842-WTL-JMS |
| ) | |
| THE INDIVIDUAL MEMBERS OF THE ) | |
| INDIANA STATE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON AMENDED MOTION FOR CLASS CERTIFICATION

This cause is before the Court on the Plaintiffs' Amended Motion for Class Certification[1] (Docket No. 41). The Motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART**, the Motion for the reasons, and to the extent, set forth below.

### I. RULE 23 STANDARD

Federal Rule of Civil Procedure 23 governs class actions. Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, the Plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must also satisfy one of the conditions of Rule 23(b). *Id.* The Court has "'broad discretion to determine whether certification of a class-action lawsuit is appropriate,'" *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)), and class certification decisions are reviewed using

---

[1] The Court notes that the filing of the amended motion rendered the Plaintiffs' initial motion to certify moot.

the abuse of discretion standard. *Id.*

## II. BACKGROUND

Plaintiff Amanda Perdue is an Illinois attorney who intends to sit for the Indiana bar examination ("Bar"). Perdue was previously diagnosed with an anxiety disorder and post-traumatic stress disorder and has received treatment for both conditions. In 2008, Perdue applied to take the February Bar. As part of the Bar application, she was required to provide information about her physical and mental health. Because she answered "yes" in response to a question about her mental health, the Board of Law Examiners ("BLE") requested additional information from Perdue and referred her to the Judges and Lawyers Assistance Program for a mental health review. Instead of consenting to this review and providing the requested information, Perdue withdrew her application. Perdue, who was later joined by the American Civil Liberties Union of Indiana – Indiana University School of Law – Indianapolis Chapter ("ACLU"), filed this suit, to prevent the BLE from inquiring about Bar applicants' mental health.

The Plaintiffs have now filed an Amended Motion for Class Certification. The Plaintiffs seek to represent a class defined as:

> [A]ll persons who will file an application to take the Indiana bar examination for which any of the following are true:
> -they have been diagnosed with or treated for bi-polar disorder, schizophrenia, paranoia, or any other psychotic disorder
>
> -they have been diagnosed since the age of 16 until the present, with or treated for any mental, emotional[,] or nervous disorder
>
> -they have a mental, emotional[,] or nervous condition or impairment which if untreated could affect their ability to practice law in a competent and professional manner.

Pls.' Br. at 2. The Plaintiffs note that this class is defined "in terms of the objectionable

questions [of the Bar application] numbers 22, 23[,] and 24," *id*., and they assert that it satisfies the requirements of Rule 23.

### III.  DISCUSSION

Not surprisingly, the Defendants disagree and argue that the Plaintiffs have not demonstrated that class certification is appropriate. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)) ("[T]he party seeking class certification assumes the burden of demonstrating that certification is appropriate.").

A.  **The ACLU.**

As an initial matter, the Defendants vigorously argue that the ACLU is not an appropriate class representative. However, much of the Defendants' argument against the ACLU's role as class representative appears to be an allegation that the ACLU lacks standing. The Plaintiffs' Reply does not address this issue. *See* Reply at 9 (stating only that "the Student Chapter has standing"). Because the Court is presently unable to determine whether the ACLU has standing, the parties are ordered to brief this issue. Within **21 days of the date of this Entry** the ACLU shall file a brief in support of its standing. The Defendants shall then have **14 days** to respond to the ACLU's brief. No reply is necessary.

Until the Court determines that the ACLU has standing, the Court will not address whether it is an appropriate class representative. Accordingly, the Amended Motion for Class Certification is **DENIED** as to the ACLU. If, after the standing issue is resolved, the ACLU still wishes to serve as a class representative, then it may file an appropriate motion at that time. However, the Court will treat the current Motion as one brought solely by Plaintiff Perdue.

### B. Identification of the class.

Before this class can be certified, Perdue must show that the class is "sufficiently definite to warrant class certification." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "'An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997) (quoting *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987)). The Seventh Circuit has emphasized that classes "defined by the activities of the defendants" are generally sufficiently definite to satisfy this requirement. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 987 (7th Cir. 1977). Classes whose membership is "contingent on the state of mind of the prospective class members," are not definite enough to survive the class certification stage of litigation. *Id.*

In the instant case, the class is defined by reference to three questions on the Bar application. Individuals who answer "yes" to any of these three questions would be class members. Individuals who answer "no" to the questions cannot be class members. Although the reason why a person would have to answer "yes" to one of the questions may vary from individual to individual, this does not render the class indefinite or contingent on members' states of mind. Accordingly, the class definite satisfies the preliminary requirement for class certification.

### C. The Rule 23(a) requirements.

Turning now to the express requirements of Rule 23, Perdue must first show that "the class is so numerous that joinder of all members in impracticable." FED. R. CIV. P. 23(a)(1).

Although "plaintiffs are not required to specify the exact number of persons in the class," they "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (citations omitted); *see also Arreola*, 546 F.3d at 798.

The Seventh Circuit has not provided specific guidance about when a putative class is large enough to satisfy the numerosity requirement. However, in *Arreola*, the court assumed that fourteen individuals would be insufficient. *Arreola*, 546 F.3d at 798. Similarly, in *Pruitt v. City of Chicago*, 472 F.3d 925, 926 (7th Cir. 2006), the court noted that "joinder of fewer than 40 workers . . . would be practical" so class certification was inappropriate.

In the instant case, the Plaintiffs submitted an affidavit which avers that there are "at least three members" of the ACLU who would have to answer affirmatively to the complained of questions on the Bar application. Meier Supplemental Aff. at 1. Standing alone, this would certainly not justify class certification. However, the Plaintiffs have gone one step further. They have requested (and per the Magistrate Judge's January 8, 2010, Order are entitled to) aggregate data from the past two Bar exams, identifying the number of individuals who have answered affirmatively to the challenged questions. The Plaintiffs will presumably use this data to extrapolate forward and estimate the size of the class. Assuming that discovery reveals that there are, as the Plaintiffs claim, approximately ninety-five individuals each year who must answer the challenged questions in the affirmative,[2] the numerosity requirement would be satisfied.

---

[2] The Court arrived at this figure by multiplying the number of Bar applicants for the past three years (2006 through 2008) by fifteen percent, which the Plaintiffs claim is the percentage of University of Maryland law students who sought counseling for mental illness. According to the Plaintiffs, nearly all of the students in the University of Maryland study were diagnosed with mental illness. Accepting this premise, this figures are: 2006 = 635 applicants, 95.25 affected;

5

However, if discovery reveals that the actual number of affected individuals is substantially smaller than the Plaintiffs' estimation, the Court will, of course, revisit this issue following an appropriate motion.

The second requirement of Rule 23(a) is the presence of "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "'A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).'" *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class." *Id*.

The Defendants claim that the proposed class lacks commonality, especially if the ACLU is allowed to participate in the litigation. This argument is not persuasive. Under the proposed class definition, the class will be composed of individuals who have to answer several Bar application questions in the affirmative. Because all of the class members will suffer their alleged injury based on the Defendants' standardized conduct, the Plaintiffs have illustrated a common nuclei of fact. In addition, the fact that the putative class members may have different conditions or illnesses does not destroy commonality. The Court disagrees with the Defendants' assertion that "the nature of the disability and existence of a class member's disability would require a series of 'mini-trials' for each proposed class member." *Id*. (quoting *Ind. State Employment Ass'n, Inc. v. Ind. State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind. 1978)).

---

2007 = 656 applicants, 98.4 affected; and 2008 = 615 applicants, 92.25 affected. Averaging the number of affected individuals and rounding, as there cannot be a partial applicant, the Court concluded that approximately 95 individuals may answer the challenged questions in the affirmative.

Factual variations among class members do not defeat commonality. *See id.* Because the Plaintiffs have illustrated that there is a common nuclei of operative fact, they have satisfied the commonality requirement.

The third requirement is typicality – "the claim or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. The Seventh Circuit has stated that "a 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The Defendants' only argument regarding this element of Rule 23(a) is that allowing the ACLU to serve as a class representative would destroy typicality. As noted above, the Court declines to address whether the ACLU is an appropriate class representative at this juncture. In addition, Plaintiff Perdue's complaint is about "the objectionable questions concerning applicants' mental health and the subsequent burdens imposed by the [Defendants]." Pls.' Br. at 13. The putative class members will suffer the same harm from the same source, and thus, their claim would be identical to Perdue's. Accordingly, the typicality requirement is met.

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. In *Retired Chicago Police Ass'n*, the court noted that "adequacy of representation is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the

adequacy of representation provided in protect the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)). In the instant case, with Perdue serving as the class representative, the putative class members' interests are identical to her's. Thus, her claims are neither antagonistic to, nor conflict with, the claims of the class as a whole. As to counsel's representation, the Plaintiffs aver, and the Defendants do not dispute, that the class will be "represented by counsel who is skilled and experienced in this type of litigation." Pls.' Br. at 14. Accordingly, the Court finds that the fourth requirement is met and Plaintiff Perdue is an appropriate class representative.

### D. Rule 23(b)(2).

Having satisfied the four requirements of Rule 23(a), Perdue has not fully met her burden. She must also satisfy one of the requirements of Rule 23(b). Here, Perdue claims that she satisfies Rule 23(b)(2) which allows a class action to be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

In the instant case the Defendants have taken allegedly discriminatory action against the entire class. Accordingly, if the Plaintiffs prevail on the merits, injunctive relief will be appropriate. The Defendants seem to concede this point, noting only that "[t]he requirements of Rule 23(b)(2) are not satisfied *if the [ACLU] Student Chapter is deemed a class representative*." Resp. at 9 (emphasis added). Of course, the Court is not addressing what happens if the ACLU is deemed a class representative in this Entry. Having reviewed the parties' arguments, as well

8

as the relevant case law, the Court believes that the class definition is drafted in a way that will allow identification of class members.  Because the Plaintiffs seek only declaratory and injunctive relief, Plaintiff Perdue has satisfied Rule 23(b)(2).  Accordingly, she has met the requirements for class certification.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Amended Motion for Class Certification (Docket No. 41) is **GRANTED** as to Plaintiff Perdue.  Because the Court is unable to determine whether the ACLU has standing, the Court cannot find that the ACLU is an appropriate class representative.  Accordingly, the Amended Motion for Class Certification is **DENIED** as to the ACLU.  Within **21 days** of the date of this Entry the ACLU shall file a brief in support of its standing.  The Defendants shall have **14 days** to respond, and no reply is necessary.  If the Court finds that the ACLU has standing, and if the organization still wishes to be a class representative, then the ACLU may file an appropriate motion at that time.

SO ORDERED:    01/29/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Darren Andrew Craig
Frost Brown Todd LLC
dcraig@fbtlaw.com

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

Anthony W. Overholt
Frost Brown Todd LLC
aoverholt@fbtlaw.com