UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA PERDUE et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE INDIVIDUAL MEMBERS OF THE )<br>INDIANA STATE BOARD OF LAW )<br>EXAMINERS, )<br>)<br>Defendants. ) | Cause No. 1:09-cv-842-WTL-JMS |

### ENTRY ON STANDING, CLASS REPRESENTATION, AND MOTION TO RECONSIDER

Recently, the Court ordered the parties to file briefs discussing whether the ACLU of Indiana – Indiana University School of Law – Indianapolis Chapter ("ACLU") has standing to litigate this suit as a class representative. The Court has reviewed the parties' briefs and now finds that the ACLU has standing and is an appropriate class representative. In addition, having reviewed the Defendants' Motion to Reconsider (Docket No. 95), the Court now **DENIES** that motion as explained below.

### I. BACKGROUND

On January 29, 2010, the Court granted in part Plaintiff Amanda Perdue's Amended Motion for Class Certification. The Court determined that Perdue, an Illinois attorney who intends to sit for the Indiana bar examination ("Bar"), was an appropriate class representative and satisfied the requirements for class certification set forth in Federal Rule of Civil Procedure 23. However, the Court declined to certify the ACLU as a class representative. The Court was not convinced that the ACLU had standing, and thus, the Court could not determine whether the

ACLU was an appropriate class representative. Accordingly, the Court ordered the parties to brief the ACLU standing issue. In its briefs, the ACLU also renewed its motion for class certification and again asked the Court to appoint it as a class representative.

In the meantime, the Defendants filed a Motion for Reconsideration, requesting that the Court revisit its class certification decision with respect to Plaintiff Perdue. Not surprisingly, the Plaintiffs opposed this motion.

## II. DISCUSSION

With respect to its standing, the ACLU does not allege that it "is being injured by the challenged action and therefore it meets the same standing test that applies to individuals." Docket No. 99 at 3 (citation and internal punctuation omitted). Instead, the ACLU relies on the three-part test set forth in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977). In *Hunt*, the Supreme Court held:

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id*. at 343.

In the instant case, the Defendants do not challenge the second or third portions of the *Hunt* test.[1] This is likely because the second prong of *Hunt* is clearly met here as the ACLU's

---

[1] Actually, it is not clear whether the Defendants challenge the ACLU's standing at all. In their memorandum opposing the ACLU's standing the Defendants state that they "are challenging whether the ACLU can serve as a *class representative*." Docket No. 106 at 3 (emphasis added). This is not the issue that the Court asked the parties to brief. Although the Court is not convinced that the Defendants are challenging the ACLU's standing, the Court will, nevertheless, march through the standing analysis.

goal is to "defend and preserve the individual rights and liberties that the Constitution and the laws of the United States guarantee everyone in this country."  Docket No. 99 at 4 n.3 (citation and internal punctuation omitted).  The ACLU's national website "notes that the ACLU works to extend rights to segments of our population that have traditionally been denied their rights, including . . . people with disabilities."  *Id*. (citation and internal punctuation omitted).  In addition, because the ACLU seeks only declaratory and injunctive relief, the individual members of the ACLU will not be required to participate in the litigation.  *See Hunt*, 432 U.S. at 343 (noting that "[i]f an association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy . . . will inure to the benefit of those members of the association actually injured").  Thus, the third portion of *Hunt* is also satisfied.

Turning then to the first *Hunt* prong, in order to have standing an individual must satisfy three requirements.

> First, she must have suffered an "injury in fact" that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, the injury must be fairly traceable to the challenged action. Third, it must be likely, not just speculative, that a favorable decision will redress the injury.

*Sierra Club v. Franklin County Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "Because these elements 'are not mere pleading requirements but rather an indispensable part of the . . . case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation.'"  *Id*. at 925 (quoting *Lujan*, 504 U.S. at 561).

In the instant case, five members of the ACLU submitted affidavits averring that they: (1) are members of the ACLU; (2) plan to take the Bar exam in the appreciable future; and (3) will

have to answer at least one of the challenged questions in the affirmative. *See* Docket No. 116, Exs. 1-5. Based on the evidence submitted by the ACLU, all five of these individuals will suffer an injury in fact that is traceable to the Defendants' conduct and will be redressed by a favorable decision in this case. Accordingly, these individuals have standing to bring suit on their own behalf. Because these individuals have standing, the ACLU has satisfied the first prong of *Hunt*, and also has standing to litigate this suit.

The ACLU has also renewed its request to serve as a class representative in this case. Having previously certified a class action in this case, the Court need only determine whether the ACLU is an appropriate class representative.[2] The Defendants' arguments that the ACLU is not an appropriate class representative boil down to assertions that because the ACLU may have an antagonistic or conflicting claim, or because the ACLU could withdraw its support for this litigation at any point, it is not an appropriate class representative. The Defendants do not identify what precisely the ACLU's "antagonistic" or "conflicting" claim may be, and the Court will not speculate as to what this may mean. Nor have the Defendants provided anything more than speculation that the ACLU may eventually lose interest in this litigation and withdraw. Suffice it to say, the Defendants have not provided any support for their assertion that the ACLU is not going to be a vigorous and zealous class representative. Because the ACLU has shown that it has standing to litigate this suit, and because it appears to be an appropriate class representative, its request to be appointed a class representative is **GRANTED**.

---

[2] The Court notes that the Defendants previously argued that if the ACLU were permitted to become a class representative, then the commonality and typicality requirements of Rule 23(a) would not be satisfied. In addition, the Defendants claimed that with the ACLU as class representative, the class definition would not be definite enough to warrant certification. The Court reviewed these arguments and did not find them persuasive.

Finally, the Defendants recently filed a Motion for Reconsideration in which they ask the Court to revisit its January 29, 2010, Entry finding that Plaintiff Perdue is an appropriate class representative. In essence, the Defendants argue that Perdue will not obtain relief as a practical matter even if she is victorious in this suit because other unchallenged questions in the Bar application will require her to provide the same information as the challenged questions do. While the Court understands the Defendants' argument, at this point in the litigation it is based on little more than speculation. Accordingly, the Court declines to reconsider its previous ruling.

## CONCLUSION

For the foregoing reasons, the Court finds that the ACLU has standing and is an appropriate class representative. Accordingly, the ACLU's request to be appointed a class representative is **GRANTED**. In addition, the Defendants' Motion for Reconsideration (Docket No. 95) is **DENIED**.

SO ORDERED: 03/25/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Darren Andrew Craig
Frost Brown Todd LLC
dcraig@fbtlaw.com

Frost Brown Todd LLC
aoverholt@fbtlaw.com

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

Anthony W. Overholt