UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA PERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09-cv-842-TWP-MJD |
| ) | |
| THE INDIVIDUAL MEMBERS OF THE ) | |
| INDIANA STATE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendants. | |

## ENTRY ON DEFENDANT'S MOTION TO RECONSIDER

This dispute is currently before the Court on Defendant's, The Individual Members of the Indiana State Board of Law Examiners ("the Board"), Motion to Reconsider the Magistrate Judge's May 31, 2010 Order [Dkt. 124] ("Order"), which tackled two separate discovery issues. For the reasons set forth below, the Court **AFFIRMS** the Magistrate Judge's Ruling, **DENYING** the Board's Motion to Reconsider [Dkt. 127].

**A.  Standard of Review**

Under Fed. R. Civ. P. 72(a), the Court must "modify or set aside any part of [the magistrate judge's] order that is clearly erroneous or is contrary to law." A ruling is clearly erroneous "if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This is obviously a deferential standard; the district court may not reverse the magistrate judge's decision simply because he or she would have arrived at a different conclusion. *See Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

### B.     Factual & Procedural Background

Plaintiff Amanda Perdue ("Perdue") is an Illinois attorney who intends to sit for the Indiana bar examination ("Bar").  Perdue was previously diagnosed with an anxiety disorder and posttraumatic stress disorder and has received treatment for both conditions.  In 2008, Perdue applied to take the Bar.  As part of the Bar application, she was required to provide information about her physical and mental health.  Because she answered "yes" in response to a question about her mental health, the Board of Law Examiners requested additional information from Perdue and referred her to the Judges and Lawyers Assistance Program for a mental health review.  Instead of consenting to this review and providing the requested information, Perdue withdrew her application before any determination was made as to her character and fitness. Perdue and the American Civil Liberties Union of Indiana – Indiana University School of Law – Indianapolis Chapter ("ACLU") (collectively, "Plaintiffs") have filed suit against the Board to prevent it from inquiring about the mental health of Bar applicants.

Plaintiffs filed a motion for class certification.  The Court initially granted the motion with respect to Perdue, but effectively tabled the motion with respect to the ACLU due to standing concerns, ordering the ACLU to file a brief in support of standing.  To shore up its standing argument, the ACLU subsequently submitted five anonymous affidavits from its members, stating they plan to apply for admission to the Indiana bar and will answer one of the questions at issue affirmatively, but that their mental health history will not impede their ability to practice law competently and ethically.

On May 31, 2010, the Magistrate Judge entered the Order that led to the present dispute. This Order resolved two discovery disputes, ruling that: (1) the Board could not take additional

discovery of the anonymous class members; and (2) Perdue was not required to answer Interrogatories 4-5 and Requests for Production 5-7, all directed to her mental health history.

**C.     Discussion**

Simply stated, the Court finds that the Magistrate Judge's decisions were neither clearly erroneous nor contrary to law.

First, citing Fed. R. Civ. P. 26(b)(2)(C)(iii), the Magistrate Judge prohibited the Board from pursuing additional discovery of the anonymous affiants because any probative information potentially gleaned from the discovery was outweighed by the significant intrusion upon the class members' privacy, particularly given the facial nature of Plaintiffs' challenge.  The Board counters that it should be permitted to test the affiants' assertions because they relate to ACLU's standing, which "will be an important issue at the summary judgment stage."[1]  This argument misses the mark.  An organization need not identify its members in order to have standing. *Disability Rights Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008); *Natural Resources Defense Council, Inc. v. Mineta*, 2005 WL 1075355, at *5 (S.D.N.Y. May 3, 2005) (no absolute requirements that individual members be identified to confer organizational standing).  Moreover, *necessity* is the touchstone of taking absent class members' depositions. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("the party seeking the depositions has the burden of showing necessity and absence of any motive to

---

[1]In its reply brief, the Board recasts this argument in a different form, contending that the depositions are necessary to ensure that the students "understand the questions" and to assess whether the students "really do have to answer the questions affirmatively."  This reformulation of the argument is unavailing, not to mention curious, given that it implicitly (and perhaps unintentionally) casts doubt upon the clarity of the Board's own questions, suggesting they might engender confusion.  To the contrary, the questions are comprehensible, straightforward, and unlikely to confuse an individual fresh off the heels of law school.

take undue advantage of the class members"). The Board, which apparently seeks to do little more than verify the substance of the affidavits, failed to show necessity. Accordingly, the Magistrate Judge's ruling is affirmed on this issue.

Second, the Magistrate Judge ruled that the Board could not pursue certain interrogatories and requests for production, all of which were directed to Perdue's mental health history. In making this ruling, the Magistrate Judge emphasized that such discovery has little probative value in light of the facial nature of Plaintiffs' challenge. The Board counters that the information requested is necessary to ascertain whether Perdue meets the criteria for a *qualified individual with a disability* under the ADA and whether her condition constitutes a *direct threat to public safety*.

The Court is not persuaded. Perdue – who was deposed and disclosed information from a prior Bar application – has already furnished a significant amount of information relating to her mental health history. To the extent this information paints an incomplete picture, Perdue's underlying legal theory establishes that the probative value of additional information is exceedingly limited. Perdue argues that being required to answer the Bar application questions affirmatively equates to being *regarded as* having an impairment. A 'regarded as' claim focuses on "[d]efendant's state of mind," meaning related evidence will be readily available to the defendant. *Gerace v. Cliffstar Corp.*, 2009 WL 2381852, at *6 (W.D.N.Y. Aug. 3, 2009). The need for evidence relating to the factual backdrop of Perdue's health is further lessened where, as here, the gist of this case is a facial challenge. This issue is perhaps a closer call, but the Court is not persuaded that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

For these reasons, coupled with the Court's deferential standard of review, the Magistrate Judge's Order is **AFFIRMED** and the Board's Motion to Reconsider [Dkt. 127] is **DENIED**.

SO ORDERED: 12/23/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Darren Andrew Craig**
FROST BROWN TODD LLC
dcraig@fbtlaw.com,jwhitaker@fbtlaw.com

**Kenneth J. Falk**
ACLU OF INDIANA
kfalk@aclu-in.org,kkendall@aclu-in.org,jmensz@aclu-in.org

**Anthony W. Overholt**
FROST BROWN TODD LLC
aoverholt@fbtlaw.com,kdickerson@fbtlaw.com