UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA PERDUE on her own behalf and on behalf of a class of those similarly situated, and ACLU OF INDIANA - INDIANA UNIVERSITY SCHOOL OF LAW - INDIANAPOLIS CHAPTER, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 1:09-cv-00842-TWP-MJD |
| THE INDIVIDUAL MEMBERS OF THE INDIANA STATE BOARD OF LAW EXAMINERS in their official capacities, ) ) ) ) | |
| Defendant. ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on several matters: a Motion for Contempt of Court against the Indiana State Board of Law Examiners, (Filing. No. 221), Motion for Contempt of Court (Filing. No. 228), and Motion for Judgment (Filing No. 232) filed by Interested Party Robert M. Shaw ("Mr. Shaw"). For the reasons stated below, the Motions must be denied.

### I. BACKGROUND

This lawsuit began in 2009 when Plaintiff Amanda Perdue sued the Indiana State Board of Law Examiners contending that they were violating the Americans with Disabilities Act ("ADA") by requiring applicants to the Indiana bar to answer questions about their mental health history. The ACLU of Indiana – Indiana University School of Law – Indianapolis Chapter later joined the lawsuit as a plaintiff. Counsel of the ACLU of Indiana represented both Plaintiffs. (Filing No. 4, Filing No. 39, and Filing No. 86.) This Court granted Plaintiffs' motion to certify a class and the class definition includes:

> [A]ll persons who will file an application to take the Indiana bar examination for which any of the following are true: they have been diagnosed, since the age of 16 until the present, with or treated for any mental, emotional, or nervous disorder they have a mental, emotional, or nervous condition or impairment which if untreated could affect their ability to practice law in a competent and professional manner.

(Filing No. 192 at 1.) On October 6, 2011, this Court entered a Judgment that enjoined the Indiana State Board of Law Examiners from using certain questions on the Indiana bar examination. (Filing No. 193 at 1–2.)

Mr. Shaw seeks various forms of injunctive relief from the Court including a finding of contempt against the members of the Indiana State Board of Law Examiners, his admission to the Board under the ADA, striking down the fee of $875.00 which he alleges prevents out of state applicants and people on Supplemental Security Income from practicing law in Indiana based on limited income, and summary judgment "based on the fact of previous orders." Mr. Shaw also assets that he has recovered from a blood clot on the brain but is under doctors' orders not to take stressful tests, he has urination problems related to his diabetes, and he may have to undergo a sleep apnea test. (Filing No. 232.)

## II. DISCUSSION

The Court is unable to entertain Mr. Shaw's motions for several reasons. First, Mr. Shaw is not a member of the plaintiff class. His motion to join the class prior to entry of final judgment was denied as Mr. Shaw did not recite any mental health dimension and the Court found he was not a member of the defined class. (*See* Filing No. 135 and Filing No. 137.) Further, no motion to intervene has been filed since entry of final judgment. Second, the final judgment entered on October 6, 2011 did not award Mr. Shaw any relief, did not adjudicate any claim asserted by Mr. Shaw, and did not create or modify conditions under which Mr. Shaw would become licensed to practice law in the State of Indiana. These circumstances have not been altered by any of the post-judgment filings or rulings.

Finally, Mr. Shaw lacks standing to seek the relief which is sought in his post-judgment motions. Even if Mr. Shaw were a member of the class, he could not individually litigate the filed motions. The Court certified this lawsuit as a class action and appointed counsel to represent the class. Fed. R. Civ. P. 23(g). Class counsel represents both the named Plaintiffs and the class. (*See* Filing No. 4, Filing No. 39, and Filing No. 86.) Therefore, only class counsel may seek relief for the class because individual class members "lack standing to individually litigate matters relating to the class action." *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991). Mr. Shaw cannot overlay his personal circumstances and desires on the relief awarded to the plaintiff class in this case, instead, he must initiate a separate action for his claim that he has suffered discrimination because of his physical disabilities.

### III.  CONCLUSION

There has been no order issued in this case which permits Mr. Shaw to obtain any of the relief sought in his post-judgment motions. Accordingly, Mr. Shaw's Motions (Filing No. 221, Filing No. 228 and Filing No. 232) are **DENIED.**

**SO ORDERED.**

Date: 9/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Darren A. Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Robert M. Shaw
1215 North Jefferson Avenue
Indianapolis, Indiana 46201